129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melody A. ANDERSON, Plaintiff-Appellant,
v.
ATLAS VAN LINES INTERNATIONAL CORP., Defendant-Appellee.
 No. 97-1792.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 16, 1997.*
Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Evansville Division.
 Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.
 
 Order
 
 1
 The district court granted judgment to Atlas Van Lines in this sex-discrimination suit under Title VII of the Civil Rights Act of 1964. The judge struck Anderson's untimely response to the employer's motion for summary judgment. Because the record was lopsided after this decision, summary judgment followed. The only substantial question on appeal is whether the judge was entitled to strike the response. (We endorse, without the need for further discussion, the district judge's decision that Atlas prevails if Anderson's response was properly stricken.)
 
 
 2
 Atlas filed its motion on August 16, 1996. The district court's local rules gave Anderson 15 days to respond. That time expired on September 3. She filed neither a response nor a motion for an extension of time--though she tells us, without contradiction from Atlas, that the defendant had promised not to object if she filed her response by September 17. In the event, she did not file anything by then, or within the next five weeks. Her response was filed on October 24, and Atlas moved to strike it as untimely. Anderson did not respond to the motion to strike, which the district court granted.
 
 
 3
 In a motion asking the district court to reconsider, and now on appeal, Anderson offers several explanations. She insists that discovery was incomplete and says that she never dreamed that the court would reject a response as untimely. As for the first point, Fed.R.Civ.P. 56(f) tells litigants how to respond to premature motions for summary judgment; ignoring motions and missing deadlines is not an option. Need for additional discovery might have been a good reason to request extra time to respond; it was no reason at all for letting time lapse without action. As for the latter reason, what good are rules if district courts do not (or are not entitled to) enforce them? The local rule setting a time limit for replies to motions for summary judgment is authorized by Fed.R.Civ.P. 83(a)(1); Anderson does not say otherwise. Time limits enable district courts to manage their dockets, a vital need in a crowded judicial system. Courts are entitled to enforce these rules. See Spears v. Indianapolis, 74 F.3d 153, 157-58 (7th Cir.1996); Reales v. Consolidated Rail Corp., 84 F.3d 993, 996 (7th Cir.1996). What is more, the district court concluded when denying the motion for reconsideration that the delay could not reasonably be attributed to a need for additional discovery; the bulk of the information that Anderson ultimately provided to the court was based on her own deposition, completed in May 1996, plus documents that Atlas turned over in August 1996. The district court did not abuse its discretion in granting the motion to strike.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. F. 34(a); Cir. R. 34(f)